JANVIER, Judge.
Diaz Trucking Service is a partnership composed of four brothers, Robert, Irwin, Calvin and Warren. The partnership is engaged in the general hauling business in New Orleans. Defendant, Kramer’s Transfer & Storage, Inc., is a corporation. It is also engaged in general hauling in New Orleans.
Both plaintiff partnership and defendant corporation conduct their business principally by the use of gasoline motor driven vehicles.
Kramer’s Transfer & Storage, Inc., is the regularly employed drayage company of a large manufacturer of building material (The Asbestone Corporation), and its duty is to transport such building material from the factory to steamships, railroads and other places in this city.
On or about June 23, 1949, the Kramer Company was called upon by the Asbestone Corporation to transport a large quantity of thi-s material from the factory, on Tc~ houpitoulas Street, to the wharf of the Delta Line to be loaded into a vessel of that line, which vessel was to sail within the next forty-eight hours.
At that time the employees of the Kramer Company had gone on strike, and it became necessary that arrangements be made by the Kramer Company with other drayage concerns for the hauling of the said material. Jerome Kramer, the manager, called upon several drayage concerns, including the Diaz partnership, and explained the situation and asked if the Diaz partnership could undertake a part of this work. An affirmative answer was given, and the Diaz partnership assigned three tractors with trailers to this job. These three pieces of equipment were engaged in work a total period of nine hours, and in that time they transported 879,702 pounds of the said building material.
On the completion of the work, the Diaz partnership billed the Kramer Company on a basis of eight cents per hundred pounds, or $703.76. On receipt of this bill the Kramer Company returned it with a statement that it should have been based on an hourly charge of $5 per hour for each of the three pieces of equipment and not on a basis of eight cents per hundred weight for the material hauled.
The Kramer Company tendered a check for $135, which would be the amount due at $5 per hour for each of the three pieces of equipment. This check was refused by the Diaz partnership and was returned. This suit was then filed by the Diaz part *73 nership, and judgment was prayed for in the sum of $703.76.
The Kramer Company, tendering the sum of $135, filed answer admitting all of the essential allegations of plaintiff’s petition, hut averring that the proper charge for the services rendered should have been $5 per hour for each piece of equipment.
There was judgment in favor of the Diaz partnership but only for $135, admittedly due. The judgment required that the plaintiff pay all costs. Plaintiff has appealed.
The only disputed issue is whether the bill of the Diaz partnership should have been based on an hourly charge of $5 per hour for each piece of equipment, instead of on a basis of eight cents per hundred weight for the material hauled.
It is admitted by both parties that, at the time of the making of the arrangements for the use of the Diaz trucks, no rate or basis for fixing the charge was agreed upon or even discussed.
The plaintiff partnership claims that, although no rate or basis of charge was agreed upon, it was, or should have been understood, by the Kramer Company that the charge would be based on a rate of eight cents per hundred weight because, on each of two prior occasions on which the Kramer Company had solicited the Diaz partnership to perform emergency hauling services and had asked that a rate be quoted, the rate given was eight cents per hundred pounds. It is admitted that on neither of these two prior occasions was the hauling actually done by the Diaz partnership. It is shown that that rate was accepted by the Kramer Company but that, for different reasons on each occasion, the services were not actually performed.
Counsel for plaintiff argue that as a result of these two prior discussions of rates and agreements that a rate of eight cents would be proper, there resulted a clear understanding that that was a proper rate for such hauling. It is argued that, since the Kramer Company had agreed to this rate on these two occasions, plaintiff was. justified in assuming that that'wa-s the rate-to be applied in this case, -and that if the Kramer Company did not understand this, it was under obligation to- ask what rate would be charged. Plaintiff, in addition, points to the fact that the employees of the Kramer Company were on strike and that therefore there was danger that its trucks might be attacked by the striking employees and might be delayed, -and that thus the cost of handling the business might be much increased. The Diaz partnership also shows that at no time did it ever do hauling on an hourly basis.
The Kramer Company, however, asserts that on each of these two prior occasions, some other type of commodity was being hauled and on each occasion both the loading and the unloading were to be done by the Diaz partnership, whereas on this occasion all that' the Diaz partnership did was to furnish the trucks and the driver. All of the loading and unloading and checking was done by others. Furthermore, the Kramer Company shows by a substantial preponderance of the evidence that a customary charge by one drayage company to another under such conditions was usually made on an hourly basis ranging from $4 per hour for the smaller pieces of equipment to $6 an hour for the larger, and that $5 would have been ample compensation under such circumstances.
Mr. Ed Guedon, President of the Service Drayage Company, Inc., said that he had been in the trucking business for thirty years; that his company had been employed to haul a part of this particular shipment^ and that he had billed the Kramer Company at $4.50 per hour for each piece of equipment used, and he said that such charge is usual and customary when dray-men do business with one another, and that this hourly rate was usually applied when the drayman who furnishes the trucks does not load or unload them.
Mr. C. B. Thomas, owner of Thomas Trucking & Freight Forwarding Company, said that he also was employed to’ do a part of the hauling on this particular occasion; that he had furnished two trucks and trailers,-and that he had-charged $5 per hour -for each. He -said that he was not familiar-with the particular kind of commodity which was to be handled and therefore, *74 to assure himself a profit, had quoted an hourly rate of $5.
Mr. Kramer testified that he himself often rented out similar pieces of equipment and that usually when the equipment is rented out under such circumstances, the charge is made on an hourly basis, and that $5 per hour for each piece of equipment such as was used here would be reasonable.
Counsel for plaintiff cite many cases and much authority to the effect that there may be written into' contracts by implication conditions or stipulations which are not expressed, but which it must be assumed the parties understood.
 To sum up all of these cases and these authorities we think it necessary only to quote the following from Williston on Contracts, Vol. 1, sec. 22, p. 44: “* * Even where words are used, ‘a contract includes not only what the parties said, but also what is necessarily to be implied from what they said.’ And it may be said broadly that any conduct of one party, from which the other may reasonably draw the inference of a promise, is effective in law as such. * * * ”
The only question is whether or not the conduct of the parties here was such as to justify the conclusion that a rate of eight cents 'per hundred weight was agreed to, though not expressed in the conversation between them, and our conclusion is that plaintiff was not justified in assuming that that rate should be charged.
There can be doubt at all that the custom in that particular trade is to make such charges on an hourly basis, nor can there be any doubt that a charge of $5 per hour would be considered as fully adequate compensation for such services, and we do not think that merely because, on two prior occasions, a rate had been agreed upon for the hauling of different material, under different circumstances, it can be considered that that rate was, by implication, written into this contract.
 Since the parties did not actually agree upon a rate, and since no rate was written into the contract by implication, the compensation should be based on what would be considered a fair and adequate charge in the trade in which both parties are engaged, and $5 per hour for each piece of equipment is shown to be ample compensation.
Accordingly, the judgment appealed from is affirmed at the cost of appellant.
Affirmed.